# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAIME BELTRAN-JIMENEZ,<br><br>Defendants. | No. CR 10-0948-TUC-CKJ (CRP)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS** |

Defendant Beltran-Jimenez moves this Court for an order dismissing the indictment because Beltran-Jimenez was denied the right to seek relief from removal following a felony drug conviction. (Doc. 28). The Government filed a response to Defendant's motion contending Beltran-Jimenez was not entitled to relief under § 212(c) of the Immigration and Nationality Act ("INA"). (Doc. 33). For the reasons discussed below, the Court recommends the motion be denied.

**FACTUAL BACKGROUND**

According to the motion, Beltran-Jimenez became a legal permanent resident in 1984. (Doc. 28, at 2). In 1993, Beltran-Jimenez entered a plea of guilty under *Alford*[1] to a drug trafficking felony and was sentenced to five years of supervised probation. (Doc. 28, at 2). After violating the terms of his supervised probation, Beltran-Jimenez was

---
[1] *North Carolina v. Alford*, 400 U.S. 25 (1970)

sentenced to five years of imprisonment with credit for 160 days served prior to sentencing. (Doc. 28-5, at 2). Beltran-Jimenez alleges his attorney never advised him of the "immigration consequences" of his plea agreement with the State of Arizona. (Doc. 28, at 2).

Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, the Immigration and Naturalization Service ("INS") initiated removal proceedings against Beltran-Jimenez based on his drug trafficking conviction. (Doc. 28, at 2-3). The Immigration Judge ordered Beltran-Jimenez removed to Mexico pursuant to § 237(a)(2)(B)(i) of the INA on March 10, 1998.[2] (Doc. 33, at 1). Beltran-Jimenez was removed on November 19, 1999. (Doc. 33, at 1). On April 7, 2010, Immigration and Customs Enforcement ("ICE") agents arrested Beltran-Jimenez in Tucson, AZ. (Doc. 33, at 1). A Grand Jury indicted Beltran-Jimenez for violation of 8 U.S.C. § 1326 (Re-entry after deportation) on May 5, 2010. (Doc. 7).

**DISCUSSION**

Prior to 1996, the Attorney General had broad discretion to grant relief to aliens subject to removal due to criminal convictions. *Gallegos-Vasquez v. Holder*, 636 F.3d 1181, 1186 (9th Cir. 2011). Section 212(c) of the INA provided the relief in deportation proceedings to permanent residents with seven consecutive years of unrelinquished domicile. *Id*. In 1990, Congress amended § 212(c) to preclude convicted aggravated felons who served a term of imprisonment of at least five years from discretionary relief. *INS v. St. Cyr*, 533 U.S. 289, 297 (2001).

Congress passed the AEDPA and Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") in 1996. *Gallegos-Vasquez*, 636 F.3d at 1186. Section 440(d) of the AEDPA eliminated § 212(c) relief for aggravated felons regardless of the length of their sentences. *U.S. v. Leon-Paz*, 340 F.3d 1003, 1005 (9th Cir. 2003).

---

[2] § 237(a)(2)(B)(i) of the INA is codified under 8 U.S.C. § 1227(a)(2)(B)(i).

IIRIRA, *inter alia*, repealed § 212(c) altogether and replaced it with "a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens." *St. Cyr*, 533 U.S. at 297. Under these two statutes, Beltran-Jimenez's drug trafficking offense seemingly prevented him from requesting deportation relief.

However, the AEDPA and IIRIRA do not retroactively apply to deny § 212(c) relief to aliens who plead guilty to removable offenses before the passage of the statutes. *Gallegos-Vasquez*, 636 F.3d at 1186. As such, "§ 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326.

Beltran-Jimenez plead guilty to an aggravated felony, violated the terms of his probation, and served a five-year term of imprisonment. (Doc. 28-3, at 1-6; Doc. 28-5, at 2). "An alien whose convictions for one or more aggravated felonies were entered pursuant to plea agreements made on or after November 29, 1990, but prior to April 24, 1996, is ineligible for section 212(c) relief only if he or she has served a term of imprisonment of five years or more for such aggravated felony or felonies..." 8 C.F.R. § 1212.3 (f)(4)(i) (2011). Beltran-Jimenez was not eligible for § 212(c) relief at the time he plead guilty due to the nature of his crime and his five-year sentence. Beltran-Jimenez never had and continues to not have any plausible claim for § 212(c) relief. Accordingly, the Immigration Judge did not deny Beltran-Jimenez relief in violation of his due process rights.

Beltran-Jimenez's pending *Padilla*[3] claim remains open in the Arizona Court of Appeals. (Doc. 28, at 2). In oral arguments on the Motion to Dismiss, Beltran-Jimenez's counsel conceded a *Padilla* claim does not form the basis for the Motion to Dismiss. If

---

[3] *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010)

Beltran-Jimenez's attorney failed to inform him about adverse immigration consequences prior to accepting the State's plea agreement, Beltran-Jimenez must bring this complaint in a collateral proceeding.

**RECOMMENDATION**

For the reasons set out above, the Magistrate Judge recommends that the District Judge, after her independent review, DENY Defendant Beltran-Jimenez's Motion to Dismiss. (Doc. 28).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR 10-948 TUC-CKJ**.

DATED this 14th day of July, 2011.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE