1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8  UNITED STATES OF AMERICA,              )
9            Plaintiff,                   )
                                          )
10 vs.                                    )   No. CR 10-948-TUC-CKJ
                                          )
11 JAIME BELTRAN-JIMENEZ,                 )   **ORDER**
                                          )
12           Defendant.                   )
13 _____)

14        On July 14, 2011, Magistrate Judge Charles R. Pyle issued a Report and

15 Recommendation (Doc. 35) in which he recommends the Motion to Dismiss Indictment (Doc.

16 28) be denied.  The Report and Recommendation notified the parties that they had fourteen

17 days from the date of service of the Report and Recommendation to file any objections.  No

18 objections have been filed.

19        The Court has conducted an independent review of the issues.  As asserted by the

20 government in its Response to the Motion to Dismiss Indictment, Beltran-Jimenez has not

21 demonstrated that he "exhausted any administrative remedies that may have been available

22 to seek relief against the order" and has not demonstrated that "the deportation proceedings

23 at which the order was issued improperly deprived the alien of the opportunity for judicial

24 review."  8 U.S.C. § 1326(d).  Indeed, an alien is barred under 8 U.S.C. § 1326(d) from

25 collaterally attacking his underlying removal order as a defense to § 1326 charges "if he

26 validly waived the right to appeal that order during the deportation proceedings." *United*

27 *States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001), cert. denied, 534 U.S. 879, 122

28 S.Ct. 180, 151 L.Ed.2d 125 (2001).  The transcript of the removal proceedings indicates that

1  Beltran-Jimenez was advised of his right to appeal. Motion, Ex. 1, pp. 7-8. Beltran-Jimenez

2  has not demonstrated that he did not validly waive his right to appeal the removal

3  proceedings.

4        Moreover, Beltran-Jimenez has not demonstrated that the "entry of the order was

5  fundamentally unfair." 8 U.S.C. § 1326(d). "An underlying removal order is 'fundamentally

6  unfair' if: '(1) [a defendant's] due process rights were violated by defects in his underlying

7  deportation proceeding, and (2) he suffered prejudice as a result of the defects.'" *United*

8  *States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). The Court notes that the

9  record does not establish when Beltran-Jimenez was released on the state offense following

10  the state court ordering him to serve a five year sentence.[1] However, because Beltran-Jimenez

11  has not established that he did not "serve" a five year, *see e.g.* A.R.S. 41-1604 (1992)

12  (discussing calculation of earliest parole eligibility dates), the Court finds Beltran-Jimenez has

13  not shown that he was prejudiced by any alleged deficiencies. Therefore, dismissal is not

14  appropriate.

15        Accordingly, after an independent review, IT IS ORDERED:

16      1.     The Report and Recommendation (Doc. # 35) is ADOPTED;

17      2.     The Motion to Dismiss Indictment (Doc. 28) is DENIED.

18        DATED this 11th day of August, 2011.

19

20                       _____
                           Cindy K. Jorgenson

21                         United States District Judge

22  _____

23     [1]Beltran-Jimenez was sentenced to the five year term of imprisonment on February
15, 1995; the sentence commenced on that date with credit for 160 days served prior to

24  sentencing. On March 10, 1998, an Immigration Judge ordered Beltran-Jimenez removed
from the United States to Mexico as aggravated felon pursuant to Section 237 (a) (2) (B) (I)

25  of the INA. On November 19, 1999, Beltran-Jimenez was deported through the Nogales Port

26  of Entry. However, the Court recognizes that deportation proceedings may have begun
before Beltran-Jimenez completed his sentence. *See e.g., Fernandes Pereira v. Gonzales*,

27  417 F.3d 38 (1st Cir. 2005).

28